# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MICHAEL DUETT,

        Petitioner,       :      Case No. 1:19-cv-725

  - vs -                           District Judge William O. Bertelsman
                                   Magistrate Judge Michael R. Merz

WARDEN,
  Noble Correctional Institution,

                                :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by petitioner Michael Duett under 28 U.S.C. § 2254, is before the Court for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 8), the Return of Writ (ECF No. 9), and Petitioner's Traverse (ECF No. 10). The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District. Ultimate decision of the case remains with District Judge Bertelsman.

**Litigation History**

Petitioner was indicted by a Hamilton County, Ohio, grand jury on April 1, 2015, and charged with murder in violation of Ohio Revised Code § 2903.02(B); felonious assault in violation of Ohio Revised Code § 2903.11(A)(1) with two firearm specifications; felonious assault in violation of Ohio

Revised Code § 2903.11(A)(2), also with two firearm specifications; having weapons while under a disability in violation of Ohio Revised Code § 2923.13(A)(2); and tampering with evidence in violation of Ohio Revised Code § 2921.12(A)(1) (Indictment, State Court Record, ECF No. 8, Ex. 1). Duett initially pleaded not guilty by reason of insanity but, pursuant to a plea agreement, pleaded guilty to involuntary manslaughter with a firearm specification and having weapons under disability with an agreed prison term of fifteen years. After correcting an error, the agreed term was reduced to fourteen years. Duett did not timely file a notice of appeal.

On March 26, 2019, Duett sought leave to file a delayed appeal which the First District Court of Appeals denied (Entry, State Court Record, ECF No. 8, Ex. 15). Duett sought review in the Supreme Court of Ohio which declined to accept jurisdiction. *Id.* at Ex. 20.

Duett then filed his Petition in this Court on August 30, 2019, pleading the following grounds for relief:

> **Ground One**: Duett was denied due process of the law when the state appellate court denied review.
>
> **Ground Two**: A state court lacks the authority to accept a guilty plea to less than all of the elements of the offense.
>
> **Ground Three**: Duett suffers double-jeopardy with respects to multiple punishments for same offense and a greater punishment upon resentencing.
>
> **Ground Four**: It is a violation of the separation-of-powers doctrine for the Executive Branch to modify a sentencing entry from a court of competent jurisdiction.

(Petition, ECF No. 1, PageID 2-4).

Although the Warden has filed a full Return of Writ, the Return begins by raising a statute of limitations defense. By the Warden's calculation, Duett's conviction became final when he failed to appeal by November 23, 2016, from the trial court's sentencing entry of a month before. 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Thus under § 2244(d)(1)(A), the Petition is untimely unless Duett can bring himself within one of the other limitations periods. He does not seek to do so, but claims he is entitled to

> equitable tolling pursuant to the judgment of sentence not comporting with O.Crim.R. 32(B). Until that event occurs, Duett enjoys equitable tolling under the theory that the extraordinary circumstances of a lack of a final appealable order prohibited him from seeking a timely direct review. Had counsel not been an advocate for the State of Ohio, Doc. #8 at PAGE ID# 69, he would have imformed [sic] Duett of his limited appellate right under O.R.C. §2953.08.

3

(Traverse, ECF No. 10, PageID 130).

In his Motion for Delayed Appeal Duett did not expressly assert that the final judgment of conviction was not a final appealable order (Motion, ECF No. 8, Ex. 13). Instead, he asserted it failed to advise him of his "limited appellate rights." *Id.* at PageID 64. He refers to the Judgment Entry as being attached, but it, along with several other supposed attachments are not there in the record. In the Guilty Plea Entry itself, Duett acknowledges that he had been advised of his appellate rights and the need to file a notice of appeal within thirty days of judgment: "I understand my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal must be filed within 30 days of my sentence." (Entry, State Court Record, ECF No. 8, PageID 54).

Petitioner has also not advised this Court why he believes the Judgment Entry did not comply with Ohio R. Crim. P. 32(B) or why that failure to comply would make the Judgment Entry not final and appealable.

The one-year statute of limitations in 28 U.S.C. § 2244 is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, a petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 193 L. Ed. 2d 652(2016); *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), *quoting Holland*, 130 S. Ct. at 2562, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe*, 136 S. Ct. at 756, citing *Holland* (emphasis sic).

4

Duett has not shown his entitlement to equitable tolling. If the Judgment Entry was in fact not a final appealable order, nothing prevented him from timely filing a claim to that effect either with the Hamilton County Court of Common Pleas or the First District Court of Appeals. In other words, formal errors in a judgment do not indefinitely extend the federal statute of limitations when a petitioner leaves them uncorrected. Grounds Two, Three, and Four are therefore time-barred under 28 U.S.C. § 2244(d)(1)(A) and should be dismissed on that basis.

Different considerations apply to Ground One. There Duett claims he was denied due process by the First District's denial of his Motion for Delayed Appeal. In a recent decision that was not available to the parties when they filed their pleadings, the Sixth Circuit has held that the denial of a motion for delayed appeal is the necessary factual predicate for raising a claim that such a denial deprives a defendant of due process *Sexton v. Wainwright*, ___ F.3d ___, 2020 U.S. App. LEXIS 24506 (6th Cir. Aug. 4, 2020)[1]. Discovery of that predicate obviously cannot occur the denial occurs. A habeas petition brought within a year of the denial is timely under 28 U.S.C. § 2244(d)(1)(D). *Id.* at *14, citing *Smith v. Meko*, 709 F. App'x 341, 346 (6th Cir. 2017). Because Duett filed here within a year of the First District's denial of his delayed appeal motion, that claim (Ground One) is not barred by the statute of limitations.

Duett offers very little argument on the merits of his First Ground for Relief. In the Petition he asserts "This Court, and the Northern District, has previously addressed the constitutional infirm[ity] of denying delayed review without any evidence that a voluntary waiver occurred" (Petitioner, ECF No. 1, PageID 2, citing *Thompson v. Wilson*, 523 F.Supp. 2d 626 (N.D. Ohio 2007); and *Wolfe v. Randle*, 267 Fed. Supp. 2d 743 (S.D. Ohio 2003). In *Thompson* the Northern District granted habeas relief and a new state court appeal on a due process theory where petitioner had not

---

[1] Although *Sexton* has been designated by the Sixth Circuit for publication and is therefore precedent binding on this Court, issuance of the mandate has been stayed to permit the State to seek Supreme Court review.

been advised of his right to appeal. In granting relief, Judge Gaughan cited *Wolfe* where Judge Siegel of this Court reached the same conclusion.

*Thompson* and *Wolfe* do not support relief in this case because in each of them the habeas court found as a matter of fact that the petitioner was not advised of his right to appeal by the trial court or his attorney and did not know of the right from other sources. As noted above, Duett affirmatively represented in writing that he understood his appellate rights. (Entry, State Court Record, ECF No. 8, PageID 54).

Petitioner makes no other argument in support of his First Ground for Relief and the Magistrate Judge knows of no other basis on which it might have merit. If Duett were arguing that the First District did not follow Ohio law in denying the Motion for delayed appeal, that claim would not be cognizable in habeas corpus because failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

If, on the other hand, Duett is making a claim based directly on the Fourteenth Amendment such as that he is entitled to appellate review of his conviction as a matter of due process even if he seeks it late, that claim is precluded by precedent. To put it simply, there is no federal constitutional right to appellate review of a state court conviction. *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005); *Halbert v. Michigan*, 545 U.S. 605 (2005). "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995). Of course when the States does

provide a right to appeal, the Equal Protection Clause means State cannot discriminate against the poor by failing to provide the necessary transcript. *Griffin v. Illinois*, 351 U.S. 12 (1956), or appointed counsel. *Douglas v. California*, 372 U.S. 353 (1963). But there is no stand-alone right to an appeal granted by the Due Process Clause.

Because Duett's First Ground for Relief fails to state a claim upon which habeas corpus relief can be granted, it should be dismissed.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 24, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be

7

8

accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.