# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MICHAEL DUETT,

               Petitioner,      :      Case No. 1:19-cv-725

   - vs -                            District Judge William O. Bertelsman
                                          Magistrate Judge Michael R. Merz

WARDEN,
  Noble Correctional Institution,

                                    :
               Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 13) to the Magistrate Judge's Report and Recommendations (ECF No. 12).  District Judge Bertelsman has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections.

The Petition pleads four grounds for relief as follows:

> **Ground One**: Duett was denied due process of the law when the state appellate court denied review.
>
> **Ground Two**: A state court lacks the authority to accept a guilty plea to less than all of the elements of the offense.
>
> **Ground Three**: Duett suffers double-jeopardy with respects to multiple punishments for same offense and a greater punishment upon resentencing.
>
> **Ground Four**: It is a violation of the separation-of-powers doctrine for the Executive Branch to modify a sentencing entry from a court of competent jurisdiction.

1

(Petition, ECF No. 1, PageID 2-4). The Report recommended that Grounds Two, Three, and Four be dismissed as barred by the statute of limitations and Ground One be dismissed for failure to state a claim upon which relief can be granted.

Duett raises no objections as to the statute of limitations conclusion on Grounds Two, Three and Four (Objections, ECF No. 13, PageID 146). His objections are limited to the First Ground for Relief. *Id.*

In his First Ground for Relief, Duett asserts he was denied due process of law when the First District Court of Appeals denied his motion for a delayed direct appeal. The Report recommended dismissing this claim because there is no federal constitutional right, due process or otherwise, to state appellate review of a state court conviction, (Report, ECF No. 12, PageID 143, citing *McKane v. Durston*, 153 U.S. 684 (1894); *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005); *Halbert v. Michigan*, 545 U.S. 605 (2005); and *Goeke v. Branch*, 514 U.S. 115, 120 (1995)).

The Objections do not attempt to distinguish this binding federal authority. Instead, they assert that the Magistrate Judge has failed to follow binding state court precedent on what must be done by a sentencing state court to advise a defendant who pleads guilty of his appellate rights.

**Did Ohio law entitle Duett to a delayed direct appeal?**

The Report found that Duett had acknowledged in writing he understood his appellate rights (Report, ECF No. 12, PageID 143). The acknowledgement is part of a four-page Entry Withdrawing Plea of Not Guilty and Entering Plea of Guilty ("Plea Entry," State Court Record, ECF No. 8, Ex. 9, PageID 52-55). As part of that Entry, Duett represented "I understand my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal must be filed within 30 days of my sentence." *Id.* at PageID 54.

2

The Report treated this acknowledgement as sufficient proof that Duett was in fact advised of his appellate rights. Duett complains that "[t]his reasoning is very problematic because it gives no deference to the State's interpretation of [Ohio] Crim. R. 32(B) and the principles of comity in federalism." (Objections, ECF No. 13, PageID 146.) Duett argues that, as a matter of Ohio law, a trial court is required to advise a defendant of his appellate rights and to make that advisement part of the sentencing entry. *Id.*, citing *Dunn v. Smith*, 119 Ohio St. 3d 364 (2008). Again under Ohio law, if the trial court fails to put the advisement in the sentencing entry, Duett asserts the error can be corrected by the trial court's entering an amended judgment or the appellate court's granting leave to file a delayed appeal (Objections, ECF No. 13, PageID 147, citing per *State v. Gover,* 71 Ohio St. 3d 577 (1995), for the first proposition, and *State v. Miller*, 44 Ohio App. 3d 42 (1988), for the second).

Duett misreads *Dunn v. Smith*. In that case the Supreme Court of Ohio applied its prior holding in *State v. Baker,* 119 Ohio St.3d 197 (2008), that a "judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." Neither *Dunn* nor *Baker* says anything about including advice of appellate rights in the sentencing entry.

*Gover* held that a trial court's failure to appoint appellate counsel, despite a defendant's request, should be cured by failing a petition for post-conviction relief under Ohio Revised Code § 2953.21. Again, nothing is said about failure to include advice of appellate rights in the sentencing entry.

The same is true of *Miller*. There the Ohio Sixth District Court of Appeals held that when an appellate court finds a defendant has suffered ineffective assistance of appellate counsel, the

3

appellate court can cure the error by ordering a new appeal or considering the assignments of error that underlie the post-conviction relief petition. Nothing is said about including advisement of appeal rights in the sentencing entry.

In sum, nothing in Ohio case law entitled Duett to a delayed direct appeal because the sentencing entry did not advise him of his appellate rights.

**Does federal law entitle Duett to release because he did not receive a direct appeal?**

The foregoing section hopefully demonstrates that Duett was not entitled to a delayed direct appeal under Ohio case law. In particular, it shows his sentencing entry was not defective under Ohio law for failure to include advice of appellate rights. This discussion was included in order to respond completely to the claims made in the Objections. But in an important sense, what Ohio law requires is irrelevant to Duett's habeas corpus petition.

Federal habeas corpus is available only to correct federal constitutional errors in the state court judgment. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). Failure of a state court to follow state law does not create constitutional error. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part

4

on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995). Thus failure of the Ohio First District Court of Appeals to grant a delayed direct appeal, even if it violated Ohio law, was not a violation of the United states Constitution.

Duett relies on *Thompson v. Wilson*, 523 F.Supp. 2d 626 (N.D. Ohio 2007), and *Wolfe v. Randle*, 267 Fed. Supp. 2d 743 (S.D. Ohio 2003), for his contrary position. The Report distinguished those cases because in both of them the District Judges had found as a matter of fact that the petitioners had not been advised of their appellate rights by their attorneys or the courts and did not know of them in any other way (Report, ECF No. 12, PageID 142-43). The Report found these decisions unpersuasive[1] because Duett had acknowledged in writing that he had been advised. *Id.*, citing Plea Entry, State Court Record, ECF No. 8, PageID 54.

Duett does not repudiate his signature on the Plea Entry acknowledging he understood his appellate rights. Instead he claims that in signing it he was just following orders, that this was his first serious conviction involving prison time, and the trial court and counsel were confused about the plea as well (Objections, ECF No. 13, PageID 148). Duett points to no placed in the state court record where he claimed he did not understand the Plea Entry. Instead in his Motion for Delayed Appeal he relied on the formalistic argument that the sentencing entry did not provide the required advice (Motion, State Court Record, ECF No. 8, Ex. 13). This habeas court is barred from taking additional evidence to try to decide whether Duett understood or not. *Cullen v. Pinholster*, 563 U.S. 170 (2011). In the plea bargaining process, the Sixth Circuit has held that court cannot rely on the petitioner's alleged "subjective impression" "rather than the bargain actually outlined in the record," for to do so would render the plea colloquy process meaningless. *Ramos v. Rogers*, 170 F.3d 560, 566 (6th

---

[1] These decisions, although they are from very respected jurists, are not **binding** precedent, which comes to this Court only from the Sixth Circuit and the Supreme Court of the United States.

Cir. 1999). The same is true of Duett's written acknowledgment that he understood his appellagte rights.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends it be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 10, 2020.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.